889 So.2d 971 (2004)
Nicole THOMAS and Robert Thomas, Appellants,
v.
OB/GYN SPECIALISTS OF the PALM BEACHES, INC. and Steven Fern, M.D., Appellees.
No. 4D03-4936.
District Court of Appeal of Florida, Fourth District.
December 22, 2004.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, LLP, West Palm Beach, for appellants.
James H. Wyman and Mark Hicks of Hicks & Kneale, P.A., Miami, for appellees.
MAY, J.
The plaintiff appeals an adverse summary judgment on his claim of negligent infliction of emotional distress. He argues the loss of the fetus carried by his wife constituted a stillbirth and gave rise to a cognizable claim under Tanner v. Hartog, 696 So.2d 705 (Fla.1997). We disagree and affirm the summary judgment. However, we certify the following question:
Absent physical impact, may a man recover for negligent infliction of emotional distress for the loss of a fifteen to eighteen week-old fetus under Tanner v. Hartog, 696 So.2d 705 (Fla.1997)?
The complaint alleged that on or about October 24, 2000, a test of Nicole Thomas revealed the presence of the pregnancy hormone. An ultrasound revealed a cyst-like dot, but no fetus or heartbeat. Another ultrasound was ordered.
According to the allegations, the second ultrasound revealed a possible molar pregnancy. The defendant doctor performed a D & C procedure, during which he had a CT scan performed. It revealed the existence of a fetus not previously diagnosed. The fetus did not survive the procedure.
The plaintiffs filed an amended complaint, alleging that Robert Thomas, Nicole's husband, suffered emotional distress as a result of the alleged malpractice. The *972 defendants moved for partial summary judgment on Robert Thomas's claim. They argued the law does not recognize his claim for negligent infliction of emotional distress. The court granted the motion and held that Florida's impact doctrine barred Robert Thomas's recovery for emotional distress despite the wrongful stillbirth exception established in Tanner v. Hartog, 696 So.2d 705 (Fla.1997).
This case turns on our application of Tanner, where the supreme court allowed parents to recover for a wrongful stillbirth. Critical to our application is the language used by the court to limit the reach of its decision. "[W]e do not intend to depreciate the value of the impact rule.... We hold only that the impact rule is inapplicable to this narrow class of cases." Id. at 708. Thus, while the court permitted a cause of action for a wrongful stillbirth, it did not abrogate the long-standing impact rule. Rather, it carved out an exception for a very specific type of case.
In rendering its decision, the court did not define "stillbirth." The facts in Tanner did not require the court to do so. The plaintiff in this case has expended a great deal of time, thought, and energy to convince this court that the alleged medical malpractice involving a fetus of fifteen to eighteen weeks gestation is the same as a wrongful stillbirth. We disagree.
According to the Supreme Court of Florida, the impact rule is alive and well. It is for that court to determine when "public policy dictates" that an exception be created. In Tanner, the court recognized that some facts make it "difficult to justify the outright denial of a claim for mental pain and anguish." Id. at 708. Perhaps the facts of this case are such as to entitle Robert Thomas to a claim for negligent infliction of emotional distress. However, that is a decision for the Supreme Court of Florida.
We affirm the summary judgment and certify the question set forth above.
WARNER and SHAHOOD, JJ., concur.